BATE REFRIGERATING Co. *v.* GILLETT and others.

*(Circuit Court, D. New Jersey.* March 25, 1884.)

1. FOREIGN STATUTES IN A UNITED STATES COURT—CONSTRUCTION.
    A statute of another country, when considered by our courts, carries the construction given it by the courts of that country.

2. PATENT LAW—CONSTRUCTION OF SECTION 4887, REV. ST.
    A patent issued successively by Canada and the United States, and afterwards declared void *ab initio* by a Canadian court, does not by that fact expire in this country, but will be regarded as if it had never existed in Canada at all.

On Motion to Vacate Order, etc.

*Dickerson & Dickerson,* for the motion.

*John R. Bennett, contra.*

NIXON, J.    After the validity of complainant's patent was sustained by a decree of the court entered November 14, 1881, the defendants filed a petition setting forth that the letters patent, for the infringement of which the suit had been brought, were letters patent of the United States, numbered 197,314, granted to John J. Bate, of New York, on the twentieth of November, 1877, for the full term of 17 years; that prior thereto, to-wit, January 19, 1877, letters patent of the dominion of Canada, No. 6,938, had been issued to said Bate for the same invention, for the term of five years from that date; that the term of the foreign patent had expired on January 9, 1882, by reason whereof the United States letters patent had terminated at the same time as the Canadian patent, under section 4887 of the Revised Statutes.    The petition further alleged that, the invention of Bate having been previously patented by him in Canada, the United States letters patent should have been so limited on their face as to expire at the same time as the foreign patent; and that the granting of the patent in the United States for the full term of 17 years was in direct violation of said section of the patent act, by reason thereof the same was null and void *ab initio.*    The petition prayed that the injunction before ordered and issued should be dissolved.    After consideration of the case, the court held that the domestic patent expired at the end of the life of the foreign patent, and dissolved the injunction. See *Bate Ref. Co.* v. *Gillett,* 13 FED. REP. 553.    As it did not seem necessary to the decision of the case, no opinion was expressed upon the second allegation of the petition, that the American patent was void *ab initio* because the term was not limited upon its face to the life of the foreign patent.

A motion has now been made and heard to vacate the order dissolving the injunction and to reinstate the same upon two grounds: (1) Because the superior court for Lower Canada, in the province of Quebec, on a *scire facias* issued by the attorney general (Sir Archibald Campbell) in and for the dominion of Canada, had decided that said letters patent No. 6,938, issued to said Bate, January 9, 1877,

and the several extensions thereof, were void *ab initio*, and had ordered the same to be canceled and annulled as illegally granted; (2) because the parliament of the dominion of Canada, by an act assented to May 25, 1883, had declared that section 17 of the Canadian patent act of 1872 conferred a term of 15 years upon all patents issued under its provisions, and that this had been the meaning of said law from its first enactment.

It appears that the question has been raised in the Canadian courts in regard to the validity of the patent granted to Bate in Canada, the existence of which determined the life of his American patent. The fifteenth section of the Canadian act requires that every applicant for letters patent shall deliver to the commissioner, unless specially dispensed from so doing for some good reason, a neat working model of his invention, on a convenient scale, and exhibiting its several parts in due proportion, whenever the invention admits of such a model. In the proceedings by *scire facias* the cause alleged for annulling the patent was that when the letters were issued to the applicant no neat working model had been delivered to the commissioner, nor had there been any dispensation granted or asked for; and the judgment of the court was invoked on the question whether a working model, subsequently furnished, cured the defect or failure of the non-delivery of one in the first instance. The twenty-ninth section of the act gave jurisdiction to the superior court for the province of Quebec over all patents granted by the patent-office, and its construction of the statute must be accepted as its true meaning, even in those cases where other courts, if left to the exercise of their own judgment, would be inclined to a different view. It has long been accepted as a universal principle that the judicial department of every government, where such department exists, is the appropriate organ for construing the legislative acts of that government. In *Elmendorf* v. *Taylor*, 10 Wheat. 159, Chief Justice MARSHALL emphasized this doctrine by asserting broadly that "no court in the universe, which professed to be governed by principle, would undertake to say that the courts of Great Britain or of France, or of any other nation, had misunderstood their own statutes, and therefore erect itself into a tribunal which should correct such misunderstanding."

We have before us the record, and the final judgment of the court on the proceedings instituted by the attorney general, entered July 9, 1883, the material part of which is in these words:

"The court, having heard the parties upon the merits of the cause, examined the proceedings and proof of record; heard the witness for plaintiff, and having deliberated, * * * doth overrule defendant's plea, and grant the conclusions of the information in this cause filed, and doth in consequence declare that the patent of invention hereinafter described was improperly and illegally granted and issued, and registered without jurisdiction and without authority, and that the same was and is *ab initio* null and void, and insufficient to secure for the defendant any monopoly such as therein purports to be granted to him, * * * and doth further cancel and an-

nul, *ab initio*, said patent for invention, and the renewals thereof, and the transfer thereof, and the registrations thereof, with costs," etc.

We have also an exemplified copy of the certificate of said judgment, entered on the margin of the enrollment of the patent in the office of the commissioner, as authorized and directed by section 30 of the Canadian patent act, bearing date July 13, 1883, after which entry, according to the provisions of said section, "the patent shall be, and be held to have been, void, and of no effect, unless and until the judgment be reversed on appeal." It is the legal consequence of such a judgment that the foreign patent never had in fact any existence, and that, hence, it can have no effect in shortening the term of the American patent. The latter stands for 17 years, as if no attempt had been made to take out the foreign letters. In this new state of facts the order dissolving the injunction must be vacated, and the injunction restored in its former vigor and force, unless the allegation of the defendants that the judgment was obtained by collusion deprives it of its legal effect. The charge of collusion arises from the fact that the patentee used the machinery, which was the only machinery accessible to him, to get before the court the question of the validity of his grant. The Canadian statute allows the writ of *scire facias* in the name of the attorney general of the dominion, at the instance of any private person, to test the validity of letters patent issued by the sovereign to an inventor. A proceeding was first instituted by the attorney general of the province of Quebec, but the court held that he was not the person contemplated in the act. A new writ was issued, and the information filed by the attorney general of the dominion. All the facts involved seem to have been fairly presented in the information and pleas, and the judgment of the court was the conclusion of the law upon the facts. The decision must be regarded as binding until set aside by proper proceedings.

This view renders it unnecessary to consider the other questions raised and discussed in the case.

Let an order be entered vacating the former order dissolving the injunction, and let the injunction be reinstated.